OHIO LIFE & TRUST CO. (BELL v.).   See Case No. 1,260.

OHIO LIFE INS. CO. (BELL v.).   See Case No. 1,261.

---

## Case No. 10,472.

### OHL v. EAGLE INS. CO.

[4 Mason, 172.] [1]

Circuit Court, D. Massachusetts.   Oct. Term, 1826.

MARINE INSURANCE—PAROL TITLE TO VESSEL DIFFERENT FROM THAT SHOWN IN PAPERS.

If a policy of insurance is underwritten on a ship, the assured cannot set up a parol title to the whole of the ship, when the ship's papers on the voyage prove a joint ownership in himself and the master. In such case he can recover only for his own moiety in case of loss.

[Cited in U. S. v. Bartlett, Case No. 14,532; Dowling v. The Reliance, Id. 4,042.]

Assumpsit on a policy of insurance of 2500 dollars on the schooner Warren, at and from Philadelphia to Alvarado, valued at 2500 dollars. Loss averred to be total by perils of the seas. (2) Count, on a policy of 1200 dollars on the freight on board of the same vessel, valued at 1200 dollars. Loss averred to be total in like manner. (3) Count, money had and received. Plea, the general issue. At the trial the plaintiff, to establish his ownership of the schooner, produced a bill of sale from Thomas Hendrich and others to himself ([John F.] Ohl) and one Remington, the master of the ship, dated 1st of June, 1824, and a register of the

[1] [Reported by William P. Mason, Esq.]

schooner on the 2d of June, 1824, taken out by the plaintiff, at the custom-house, in Philadelphia, in the names of himself and Remington, as owners, and the plaintiff, on that occasion, made oath to the ownership, as stated in the register. The schooner had ever since sailed under this register, Remington being master during the whole period. The plaintiff then offered to prove, by parol evidence, that the purchase had been originally made on his sole account, and that Remington's name was inserted in the bill of sale and registry by mistake. That at all events, if this could be shown, it would operate an implied surrender of the interest of Remington, if any vested in him. The defendants objected to the evidence.

Mr. Loring, for plaintiff.
Webster & Williams, for defendants.

STORY, Circuit Justice. I am of opinion, that the evidence is not admissible. I think that a title to a ship cannot pass by parol, when she is sold, to a purchaser. The general maritime law requires a ship to have some written documents of ownership, at least when sailing on the ocean; and there is nothing in our jurisprudence, which dispenses with such a written instrument of transfer. Lord Stowell has observed (The Sisters, 5 C. Rob. Adm. 155 [438]) that a bill of sale is "the universal instrument of transfers of ships, in the usage of all maritime countries, and in no degree a peculiar title deed or conveyance known only to the law of England. It is what the maritime law expects, what the court of admiralty would, in its ordinary practice, always require." From such an authority one would be little inclined to differ, unless upon some urgent occasion. But here is a bill of sale and a registry of the schooner as an American vessel, at the port of Philadelphia, under and by virtue of that instrument. A bill of sale is indispensable to pass the title to a ship under our registry act of 1792, c. 1, § 14 [1 Stat. 294], so as to preserve her American character.

When the sale was made in this case, the bill of sale was made out and executed by the vendor in the joint names of the plaintiff and Remington. The legal title, therefore, passed to both; and to introduce the parol proof, would be to contradict the direct allegations of the deed. This is not all. The register was taken out in the joint names of both parties, and the ownership was sworn to by the plaintiff to be as stated in the register. The schooner has always sailed under that register, and Remington has continued in possession as master, during the whole period since the purchase. It appears to me, that the plaintiff cannot now be permitted to show that the ship's papers are false, and that the ownership is solely in himself, in opposition to them all. So far as he is concerned, the underwriters have a

right to deny that he has more interest than the ship's documents disclose. A different rule would be productive of the grossest frauds. I think, too, that there is always an implied representation on the part of the ship owner, that the ship's documents contain a true statement of the ownership, at least where she sails under a register. The evidence is rejected; and the plaintiff can recover a verdict only for a moiety of the value of the schooner and freight. Verdict accordingly.

[For proceedings on a motion for a new trial, see Case No. 10,473.]